# CRAWFORD & BRINGSLID — ATTORNEYS AT LAW, P.C.

1882 Victory Boulevard • Staten Island, New York 10314 • Telephone 718 273-9414 • Facsimilie 718 273-9418

Allyn J. Crawford** \
Kerri L. Bringslid*

Richard E. Freeman III*

**Admitted in NY & NJ \
*Admitted in NY

September 27, 2010

**BY ECF FILING ONLY**

Hon. Robert M. Levy \
Hon. Allyne R. Ross \
United Stated District Court \
Eastern District of New York \
225 Cadman Plaza East \
Brooklyn, New York 11201

      Re:    Fileccia v. The City of New York, et al., Case No. 10-CV-0889 \
               Fileccia v. The City of New York, et al., Case No. 10-CV-0530

Dear Judge Levy and Judge Ross:

      Please be advised that this office is counsel to defendants Allyn Crawford, Frank Orlando, Steven Orlando, Lori Orlando, 1276 Castleton Realty Co., LLC, and Data Comm Consulting Group, Inc. (collectively, the "Private Party Defendants") in the above-referenced matters.

      As discussed at the scheduling conference held on September 21, 2010, we hereby notify the Court of our intention to file a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP") on the following grounds: (i) claims are barred by the three-year statute of limitations; (ii) failure to state a claim under 42 U.S.C. §1983 as against the Private Party Defendants; and (iii) failure to comply with Rule 8 of the FRCP.

**Allegations Against the Private Party Defendants**

      The gravamen of Plaintiffs' 42 U.S.C. §1983 complaint against the Private Party Defendants is that they somehow conspired with the Richmond County District Attorneys' Office and other state defendants to maliciously prosecute Plaintiffs, and intentionally destroyed, fabricated and concealed exculpatory evidence thereby depriving Plaintiffs of the constitutional rights under the Fourth and Fourteenth Amendment. The subject prosecution regarding the car indictments was commenced by Plaintiffs arrest on March 19, 2002 and concluded on February 27, 2007.

Rule 12(b) letter – Fileccia v. City of New York
September 27, 2010 - Page 2

## Statute of Limitations

The complaint clearly sets forth that the prosecution of the Plaintiffs upon which this action is based commenced with Plaintiffs arrest on March 19, 2002 and concluded on February 27, 2007 when the case was dismissed by the trial court. The applicable statute of limitations for a §1983 action in New York is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79-80 (2nd Cir. N.Y 2002) (stating that in Section 1983 actions, the applicable limitations period is found in the general or state statute of limitations for personal injury actions which in New York is three years). A §1983 claim accrues and the statute of limitations begins to run, when the plaintiff knows or has reason to know of the injuries forming the basis of the action. See id. at 80. Accordingly, as admitted in the Complaint, the criminal action that forms the basis for the §1983 allegations commenced on March 19, 2002 and concluded on February 27, 2007. Since this action was not brought until March 1, 2010, it is barred by the three-year statute of limitations.

## Failure to State A Claim Under §1983

Despite the fact that each of the complaints are approximately 200 pages, they clearly fail to allege facts upon which a claim could be sustained under §1983 as against the Private Party Defendants on multiple grounds. In order to sustain a claim under §1983, a plaintiff must allege conduct under the color of state law that deprives him of rights secured by the constitution or the laws of the United States. The color of state law element "requires a plaintiff to show that a defendant 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Torgerson v. Writsel, 109 F. Supp. 2d 107, 109 (E.D.N.Y. 2000) (internal citations omitted). When the defendant himself is not a state actor, the requisite state action may nevertheless be demonstrated by evidence showing that he acted "jointly" with state actors or that he conspired with state officials. See id. The mere participation by defendants in New York's legal procedures does not constitute acting "jointly" with a state actor to satisfy the statutory requirement. See id. Specifically, a defendant who merely provides testimony before the grand jury does not constitute a conspiracy or acting jointly to satisfy the state action requirement. San Filippo v. U.S. Trust Co., 737 F.2d 246, 256 (2nd Cir. 1984).

The Private Party Defendants are not "state actors" as they are not prosecutors, police officers, etc. involved in the underlying criminal action. As such, their alleged conduct cannot conceivably constitute "conduct under the color of state law." Defendants Frank Orlando, Steven Orlando and Lori Orlando had the misfortune of transacting business with the Plaintiffs when they purchased real property from Plaintiffs through their corporate entity, Defendant 1276 Castleton Realty Co., LLC. Defendant 1276 Castleton Realty Co., LLC leased said premises to Data Comm Consulting Group,

Rule 12(b) letter – Fileccia v. City of New York
September 27, 2010 - Page 3

Inc., which did not engage in transactions or have any relationship or dealings with Plaintiffs whatsoever. Defendant Allyn J. Crawford was merely the attorney who represented the aforementioned defendants with regard to the purchase of the premises from the Plaintiffs. The real property transaction had post-closing issues which devolved into litigation amongst the parties. The Private Party Defendants truthfully testified before the grand jury as to the initial transaction regarding the purchase of real property and the ensuing litigation thereafter.

In order to circumvent this obvious shortfall in the Complaint, Plaintiffs conjured up this wild conspiracy wherein the Private Party Defendants as well as the multitude of other named private person defendants all acted with the state actors to deprive Plaintiffs' of their civil rights. In order to state a claim for conspiracy to violate Section 1983, a plaintiff must "allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. N.Y. 2002). In addition, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." See id.

Plaintiffs have failed to allege any facts that would support their claim of an agreement between the Private Party Defendants and any of the numerous state actor defendants nor can they possibly do so. In addition, they have not alleged any overt act on the part of the Private Defendants to substantiate their conspiracy theory. The Private Party Defendants merely cooperated with the state's investigation and testified truthfully as to the transactions that occurred between themselves and the Plaintiffs.

With regard to defendants Steven Orlando and Lori Orlando, Plaintiffs make references to federal mail crime statutes for which there is no civil action available. See, i.e, Sciolino v. Marine Midland Bank-Western, 463 F. Supp. 128, 134 (W.D.N.Y. 1979). Moreover, Plaintiffs allegations that Steven Orlando and Lori Orlando's participation in the district attorneys' investigation against them rises to the level of them being "state actors" is entirely without merit. Case law is clear that merely complaining to state actors about alleged misconduct, or cooperating with requests made by them are not sufficient to establish a private party's joint action to satisfy §1983's state actor requirement. D'Agastino v. New York State Liquor Auth., 913 F. Supp 757, 770 (W.D.N.Y. 1996).

Notwithstanding the fact that the Private Party Defendants are not state actors nor have the Plaintiffs alleged any facts upon which a conspiracy with state actors can be based, Plaintiffs' Complaint contains claims of malicious prosecution against the Private Party Defendants. The law is clear that in order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under

Rule 12(b) letter – Fileccia v. City of New York
September 27, 2010 - Page 4

the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law. Thompson v. Grey, 2009 U.S. Dist. LEXIS 75563 (E.D.N.Y. 2009). To establish a malicious prosecution claim under New York law, a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor. Id.

Plaintiffs' malicious prosecution claim is also completely unsupported by any factual underpinnings and is set forth in nothing more than conclusory statements. Plaintiffs have not pled any facts indicating actual malice or any motive whatsoever upon which the Private Party Defendants could have conceivably engaged in malicious conduct toward the Plaintiffs. There is no allegation of any intent whatsoever on the part of the Private Party Defendants with regard to their conduct involving the Plaintiffs.

Similarly, Plaintiffs claims that the Private Party Defendants intentionally destroyed, fabricated and concealed exculpatory evidence lacks any possible factual evidence. Plaintiffs merely make a conclusory statement that the Private Party Defendants engaged in such conduct and does not in any way elaborate on what documentation is alleged to have been destroyed, fabricated and/or concealed.

For the aforementioned reasons, Plaintiffs claims against the Private Party Defendants are not only entirely without merit and rise to the level of being frivolous warranting Rule 11 sanctions.

### Failure to Comply with Rule 9 of the FRCP

In addition, Plaintiffs' complaint fails to comply with Rule 9 of the FRCP in that it contains nothing other than conclusory allegations against the Private Party Defendants. Plaintiffs fail to set forth one act on behalf of the Private Party Defendants that would support a claim of conspiracy with the various state actors or that they intentionally destroyed, fabricated and concealed exculpatory evidence.

Clearly, Plaintiffs have failed to comply with Rule 9's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' outlandish 200 plus page complaints fail to set forth precisely what conduct on the part of the Private Party Defendants deprived Plaintiffs' of their constitution rights.

While plaintiff Robert Fileccia consistently portrays himself as a *pro se* litigant, he is in fact an attorney admitted to practice in 1992. Thus, with approximately 18 years of legal experience to draw upon, it is respectfully suggested that he should not necessarily enjoy all of the leeway normally afforded to a *pro se* litigant and instead should be required to comply with Rule 9's pleading requirements.

Rule 12(b) letter – Fileccia v. City of New York
September 27, 2010 - Page 5

      For the reasons set forth above, Plaintiffs' complaint should be dismissed as against the Private Party Defendants and Rule 11 sanctions imposed.

                              Very truly yours,

                              /s/ Kerri L. Bringslid

                              Kerri L. Bringslid (KB-2676)

cc:    Robert J. Fileccia, Esq.
        Richard Fileccia
        Steven & Lori Orlando
        Frank Orlando
        Allyn J. Crawford, Esq.