UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ROBERT J. FILECCIA and RICHARD
FILECCIA,

        Plaintiffs,    REPORT AND
                RECOMMENDATION
 -against-
                10 CV 889 (ARR)(RML)

CITY OF NEW YORK, et al.,

        Defendants.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

  Defendants Michael Sandler ("Sandler") and Loraine Wilson ("Wilson") move pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) to dismiss plaintiffs' complaint for lack of personal jurisdiction and insufficient process. On August 23, 2011, the Honorable Allyne R. Ross, United States District Judge, referred the motion to me for a report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied and that plaintiffs be granted thirty days in which to effect service upon Sandler and Wilson.

## BACKGROUND AND FACTS

  Plaintiffs Robert J. Fileccia, Esq., and Richard Fileccia (collectively, "plaintiffs") commenced this civil rights action against the City of New York and over seventy-five other defendants, including Sandler and Wilson, in March 2010. Plaintiffs allege that defendants violated their constitutional rights by conspiring to maliciously prosecute them, as well as to destroy, fabricate, and conceal evidence relating to Richmond County Indictment No. 62/2002, People v. Robert Fileccia and Richard Fileccia. (See Complaint, dated Feb. 27, 2010

("Compl.").) Plaintiffs specifically allege that Sandler, a supervising automotive facilities inspector at the New York State Department of Motor Vehicles ("DMV"), conspired with the Staten Island District Attorney's office to "conceal and destroy exculpatory evidence" and fabricate false DMV investigation reports (Compl. ¶ 388) and that Wilson, a former DMV records officer, knowingly withheld from plaintiffs exculpatory Freedom of Information Law ("FOIL") documents (id. ¶ 389).

On March 12, 2010, I directed plaintiffs to effect service on all defendants by June 29, 2010 or face dismissal. (See Scheduling Order, dated Mar. 12, 2010 (Dkt. Entry #3), at 2.) On May 10, 2010, plaintiffs moved to proceed in forma pauperis and requested assistance with service of process from the United States Marshals Service ("USMS"). (See Letter, dated May 10, 2010, from Robert J. Fileccia to Judge Levy (Dkt. Entry #5).) On May 24, 2010, I denied the request to proceed in forma pauperis as moot and denied the request to have the USMS effect service of process as unnecessary and improper pursuant to Fed. R. Civ. P. 4(c)(3). (See Order, dated May 24, 2010 (Dkt. Entry #7).)

On June 23, 2010, plaintiffs requested an "immediate order directing the United States Marshals or other **armed** process servers to effectuate service on the balance of the named defendants and extend their time to do so." (Motion to Compel, dated June 23, 2010 (Dkt. Entry #9), at 2 (bold in original).) Plaintiffs claimed that they needed assistance because defendant Emerson Forde had "attempted to murder" a process server and stabbed the server's husband (id. at 1), and that as a result, plaintiffs' process servers were "frightened and unwilling to proceed" (id. at 2).

On July 19, 2010, plaintiffs filed an affidavit of service upon Sandler; the affidavit

stated that Sandler had been served on June 24, 2010. (See Affidavit of Thomas P. Guinan, sworn to June 24, 2010 (Dkt. Entry #37).) On September 10, 2010, Sandler and Wilson's counsel, Assistant Attorney General Rebecca Culley, submitted a letter to the court expressing her intention to proceed with a motion to dismiss because the attempted service on Sandler had been neither to his place of business nor his residence and because plaintiffs had not yet served Wilson. (Letter re: Rule 12 Motion, dated June 10, 2010 (Dkt. Entry # 142), at 1–2.)

On September 17, 2010, plaintiffs moved for an extension of time to serve those defendants whom they had not yet served. (See Letter Motion to Compel US Marshals and Request Extension of Time to Serve, dated Sept. 17, 2010 (Dkt. Entry #144).) Plaintiffs also requested either a ruling that service upon Sandler was complete or assignment of a marshal to serve him. (Id. at 2.) On October 19, 2010, I granted, nunc pro tunc, plaintiffs' motion for an extension of time to effect service but denied plaintiffs' request for the assistance of the USMS in effecting service. (Order, dated Oct. 19, 2010.)

On February 19, 2011, plaintiffs filed an affidavit of service upon Wilson; the affidavit stated that Wilson had been served on December 2, 2010. (See Affidavit of Stephen Moeske, sworn to Dec. 6, 2010 (Dkt. #180).) That same day, plaintiffs filed a request for Sandler to waive service of the summons and complaint. (See Waiver of the Service of the Summons, dated Feb. 11, 2011 and filed Feb. 19, 2011 (Dkt. Entry #181).)

Sandler and Wilson presently move to dismiss plaintiffs' complaint for lack of personal jurisdiction and insufficient process. They argue that plaintiffs have failed to effect proper service on either defendant and that they have not established good cause under Fed. R. Civ. P. 4(m) to merit an extension of time to serve.

**DISCUSSION**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Under Fed. R. Civ. P. 12(b)(5), a defendant may assert insufficiency of process by motion. "The burden is on the plaintiff to establish that his service was not insufficient. If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." Sajimi v. City of New York, No. 07-CV-3252, 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted).

A. Plaintiffs' Purported Service

Here, plaintiffs claim to have served Sandler twice—first, by leaving a copy of the summons and complaint at the DMV Counsel's Office and second, by waiver of service. The affidavit of service that plaintiffs submitted shows that purported service on Sandler was made on June 24, 2010 to Sean Martin, assistant legal counsel, at the Legal Bureau, New York State DMV, 6 Empire Plaza, Room 526, Albany, NY 12228. (See Affidavit of Thomas P. Guinan, sworn to June 24, 2010 (Dkt. Entry #37).) The summons and complaint were also mailed to Martin at the same address. (See id.) Plaintiffs argue that service was effective because the DMV Counsel's office "routinely accept[s] service of process for their employees." (Plaintiffs' Memorandum in Opposition, dated Mar. 18, 2011 ("Pl.'s Mem."), at 4.)

Fed. R. Civ. P. 4(e)(1) permits service in accordance with the law of the state in which the district court is located or in which service is made. N.Y. C.P.L.R. § 308(3) allows for delivery to an agent for service of the person to be served. However, contrary to plaintiffs'

contention,[1] the "DMV Counsel's Office is not authorized to accept service for DMV employees, other than the Commissioner of Motor Vehicles." (Declaration of Christine Legorius, dated Feb. 4, 2011 ("Legorius Decl."), ¶ 4; see also Defendants' Reply, dated Apr. 1, 2011 ("Defs.' Reply"), Ex. A (designating the DMV Counsel's office as an agent authorized to accept service only on behalf of the DMV).) As a result, service of the summons and complaint upon Sean Martin did not constitute service upon Sandler.[2]

Plaintiffs also mailed Sandler a waiver of service form on February 11, 2011. (See Request for Waiver of Service, filed Feb. 19, 2011 (Dkt. Entry #181).) "[O]nce a plaintiff files [a] signed waiver [of service] with the court, 'the action [proceeds] . . . as if a summons and complaint had been served . . . .'" Ortiz v. County of Westchester, No. 94 CIV. 1685, 1994 WL 419815, at *2 (S.D.N.Y. Aug. 10, 1994) (quoting Fed. R. Civ. P. 4(d)(4)). However, there is no evidence in the record that Sandler agreed to or executed the waiver, as plaintiffs filed an unsigned form. As a result, the filing of the waiver did not effect service upon Sandler.

---

[1] In support of their contention, plaintiffs highlight the DMV's actions in Fileccia v. Martinez, No. 8179/2003, a New York State Supreme Court, Richmond County, action, in which they say the Attorney General's Office did not object to the Counsel's Office's acceptance of service of process for two DMV employees. (Pls.' Mem. at 2.) However, the DMV Counsel's purported acceptance of process for other DMV employees in another action has no bearing on whether such service on Martin was proper in this action.

[2] Plaintiffs do not argue that their purported service was valid under N.Y. C.P.L.R. § 308(2), which authorizes service by delivery to a person of suitable age and discretion at the actual place of business of the person to be served, but it bears noting that it was not effective under that provision either. Although Martin is presumably a person of suitable age and discretion, Sandler was not properly served under § 308(2) because his "place of business is not and has never been at [the DMV] Counsel's Office" (Legorius Decl. ¶ 3), and plaintiffs have not argued that the Counsel's Office is a place where Sandler is regularly present or where he regularly transacts business. See Sajimi, 2011 WL 135004, at *3 ("The term 'actual place of business' has been defined as a place where the defendant is regularly physically present or regularly transacts business." (citation omitted)).

Plaintiffs also claim to have properly served Wilson. The affidavit of service submitted by plaintiffs shows purported service on Wilson by affixing of a copy of the summons and complaint to her door at 29 Front Street, Schenectady, New York 12305 and mailing a copy of the documents to the same address. (Affidavit of Stephen Moeske, sworn to Dec. 6, 2010 (Dkt. #180).) Plaintiffs argue that dismissal is improper because their process server effected proper service pursuant to N.Y. C.P.L.R. § 308(4). (See Pls.' Mem. at 3.) Under C.P.L.R. § 308(4), where other service "cannot be made with due diligence," service may be made

> by affixing the summons to the door of . . . [the] dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence . . . .

However, Wilson avers—and plaintiffs have not denied— that 29 Front Street, Schenectady, New York 12305 is not, and has never been, her home address.[3] (Declaration of Lorraine Wilson, dated Mar. 22, 2011 ("Wilson Decl."), ¶ 2.) As a result, plaintiffs have failed to properly serve Wilson.

B. Extension of Time to Serve

Because plaintiffs have failed to serve either Wilson or Sandler in a timely manner, the question becomes whether the complaint must be dismissed against those defendants, or whether plaintiffs should be provided with an extension of time to effect proper service. Fed. R. Civ. P 4(m) provides that if service of the summons and complaint is not made within 120 days of the filing of the complaint:

> the court . . . must dismiss the action without prejudice against that

---

[3] She also asserts that Ray and Ann LaRoche, who reside at 29 Front Street, "are not and never have been authorized" to accept service for her. (Wilson Decl. ¶ 3.)

defendant or order that service be made within a specified time.
But if the plaintiff shows good cause for the failure, the court must
extend the time for service for an appropriate period.

A "district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion." Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) (citations omitted). However, "[g]ood cause or excusable neglect is generally found only in exceptional circumstances where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." Schweitzer v. Crofton, No. 08-CV-135, 2010 WL 3516161, at *8 (E.D.N.Y. Sept. 1, 2010) (quoting McKibben v. Credit Lyonnais, No. 98-CV-3358, 1999 WL 604883, at *3 (S.D.N.Y. Aug. 10, 1999)); accord Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006). The purported June 2010 attack upon plaintiff's process server and her husband may have constituted good cause under Rule 4(m) at one time but it does not now. Almost a year has elapsed since the court granted plaintiffs' motion to extend their time to serve—providing plaintiffs with ample opportunity to serve defendants by any one of numerous methods—and plaintiffs have yet to effect proper service. In addition, plaintiffs' mistaken belief that they had properly served Wilson and Sandler is not good cause. See Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003) ("An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." (citation omitted)).[4]

However, even, as here, "where good cause does not exist, courts remain free to

---

[4] It bears noting that because plaintiff Robert Fileccia is a practicing attorney, plaintiffs' pro se status does not alter the court's inquiry. See Harbulak v. Suffolk County, 654 F.2d 194, 198 (2d Cir. 1981) (holding that a practicing attorney who chooses to represent himself cannot claim the special considerations normally afforded to pro se litigants).

exercise their discretion in extending the time for service." Id. at 277; see also Zapata, 502 F.3d at 197 ("[A] district court may grant an extension in the absence of good cause, but it is not required to do so." (citation omitted)). In determining whether a discretionary extension is appropriate in the absence of good cause, courts consider the following four factors:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

Beauvoir, 234 F.R.D. at 58 (citations omitted). Applying these factors, I find it appropriate for the court to exercise its discretion to extend the time for service.

The first, second, and fourth factors all weigh in favor of granting an extension to serve. First and most important, the applicable three-year statute of limitations for a malicious prosecution action would likely bar a refiled action.[5] See Fed. R. Civ. P. 4(m) advisory committee notes ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."). Second, it is apparent that both defendants had actual notice of the action, as the Attorney General's Office has been representing them since at least as early as September 2010. (See Letter re: Rule 12 Motion, dated June 10, 2010 (Dkt. Entry # 142), at 1–2.) The third factor—whether defendants attempted to conceal the defect in service—weighs against granting an extension, as Wilson and Sandler have repeatedly expressed to the court what

---

[5] As the criminal proceedings against plaintiffs terminated on February 27, 2007, the three-year statute of limitations on their claims presumably terminated on March 1, 2010 (because February 27, 2010 was a Saturday). See Heck v. Humphrey, 512 U.S. 477, 484–87 (1994) (holding that a malicious prosecution claim accrues when criminal proceedings against the plaintiff have terminated favorably).

they perceived as deficiencies in service. (See, e.g., id.) However, I find that Sandler and Wilson would also not be prejudiced by an extension of the time to serve them and that a fair balance of the four factors favors granting plaintiffs a discretionary extension under Rule 4(m). I therefore respectfully recommend that defendants Sandler and Wilson's motion to dismiss be denied and that plaintiffs be given thirty days in which to effect service upon Sandler and Wilson.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Sandler and Wilson's motion to dismiss be denied and that plaintiffs be afforded thirty days to effect service upon those defendants. Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Ross and to my chambers, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
September 23, 2011