IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 18 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ROBERT J. FILECCIA and RICHARD FILECCIA,

    Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

    Defendants.
------------------------------------------------------------------- X

10-cv-889(ARR)(RML)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

The court has received the Report and Recommendation ("R&R") of the Honorable Robert M. Levy, United States Magistrate Judge, dated September 23, 2011, recommending the motion to dismiss brought by defendants Michael Sandler ("Sandler") and Loraine Wilson ("Wilson") pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) be denied and that plaintiffs be afforded thirty days to affect service upon those defendants.

On October 7, 2011, defendants Sandler and Wilson timely filed objections to Judge Levy's R&R. "Within fourteen days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1). Having reviewed the record de novo, the court adheres to Judge Levy's reasoning and recommendations. Therefore, defendants' motion to dismiss is denied and plaintiff is afforded thirty days from the date of this order to affect service upon defendants.

## I. Background

This case involves a civil rights action filed by plaintiffs against the City of New York and seventy-eight defendants including Sandler and Wilson, alleging a conspiracy of malicious

prosecution and the falsification or destruction of evidence in relation to a criminal case in Richmond County, People v. Robert Fileccia and Richard Fileccia. Plaintiffs specifically allege that the instant defendants, current and former DMV officials, conspired to conceal, destroy and withhold exculpatory evidence and falsify reports in connection with plaintiffs' criminal case. Compl. ¶¶ 388, 389.

**A. Procedural History**

Plaintiffs filed their complaint on March 1, 2010. On March 12, 2010, Judge Levy directed that plaintiffs effect service on all defendants by June 29, 2010 or face dismissal. Dkt. No. 3. On May 10, 2010, plaintiffs requested assistance in effecting service of process from the United States Marshall Service ("USMS") and moved to proceed in forma pauperis. Dkt. No. 5. On May 24, 2010, Judge Levy denied plaintiffs' request to proceed in forma pauperis as moot and denied their request to have the USMS effect service of process as unnecessary. Dkt. No. 7. On June 23, 2010, plaintiffs again requested an order directing the USMS or "other armed process servers" to effect service on the balance of the yet-to-be-served defendants, claiming that one defendant had attempted to murder their process server and had stabbed the server's husband. Dkt. No. 9. On June 24, 2010, plaintiffs hired former NYPD detectives as armed process servers. Dkt. No. 144.

On July 19, 2010, plaintiffs filed an affidavit of service upon Sandler, stating that Sandler had been served on June 24, 2010. Dkt. No. 137. On September 17, 2010, plaintiffs moved for an extension of time to serve defendants that had not yet been served, and requested that Judge Levy deem service on Sandler to be complete or that the court designate a marshal to serve him. Dkt. No. 144. Judge Levy granted plaintiffs' motion for an extension of time but once again denied the assistance of the USMS in effecting service. Order, dated Oct. 19, 2010. On

February 19, 2011, plaintiffs filed an affidavit of service upon Wilson, stating that Wilson had been served on December 2, 2010. Dkt. No. 180. Also on February 19, 2011, plaintiffs filed a request for Sandler to waive service of the summons and complaint. Dkt. No. 181.

On April 2, 2011, defendants Sandler and Wilson moved to dismiss plaintiffs' complaint for lack of personal jurisdiction and insufficient process on the grounds that plaintiffs failed to effect proper service within the service period and could not established "good cause" for excuse under Fed. R. Civ. P. 4(m). On August 23, 2011, I respectfully referred defendants' motion to dismiss to Judge Levy to issue a Report and Recommendation.

## B. The R&R

Judge Levy agreed with defendants that plaintiffs had failed to effect proper service on defendants Sandler and Wilson. Specifically, Judge Levy found that plaintiffs' two attempts to effect service on Sandler, first, by serving the complaint at the DMV Counsel's Office, and second, by waiver, were improper. Judge Levy found that the DMV Counsel's Office is not authorized to accept service for DMV employees and that there was no evidence that Sandler agreed to or executed the filed waiver. R&R at 4-5. With respect to Wilson, Judge Levy found that plaintiffs' attempt to serve by "nail and mail" pursuant to NY CPLR 308(4) was also improper because the attempted service was made at an address that "is not, and has never been, her home address." R&R at 6. Further, Judge Levy agreed with defendants that plaintiffs had not established "good cause" warranting an extension of time pursuant to Rule 4(m), given the passage of time since the alleged attack on plaintiffs' process server. R&R at 7. Nevertheless, Judge Levy considered the typical factors on whether to recommend that the court grant a discretionary extension of time under Rule 4(m): (1) whether a refiled claim would be barred by the applicable statute of limitations; (2) whether defendants had actual notice of the claims

asserted in the complaint; (3) whether defendants had attempted to conceal a defect in service; and (4) whether defendants would be prejudiced by granting an extension. R&R at 8-9. Finding that factors (1), (2) and (4) weighed in favor of granting a discretionary extension, Judge Levy recommended that this court deny defendants' motion to dismiss and grant plaintiffs thirty days in which to effect service. R&R at 9.

### C. Defendants' Objections

Defendants filed timely objections to Judge Levy's R&R, arguing only that this court should not grant a discretionary extension of time in which to effect service under Rule 4(m). Putting aside the factors considered by Judge Levy, defendants assert that plaintiffs' behavior—by failing to quickly remedy their defects in service, exercise due diligence, and properly serve defendants for nearly a year—militate against this court granting a discretionary extension of time to file. Defendants' Objections to the Report and Recommendation of United States Magistrate Judge Robert M. Levy dated September 23, 2011 ("Defs' Obj.") at 3-7.

## II. Discussion

### A. Legal Standards

When reviewing a report and recommendations, a district court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F. Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(1).

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

4

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Accordingly, while an extension <u>must</u> be granted if the plaintiff meets the standard for a good cause extension, it <u>may</u> be granted if the court exercises its discretionary authority to order service "within a specified time." <u>Carroll v. Certified Moving & Storage Co.</u>, No. 04 CV 4446ARR, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005). The Advisory Committee Notes to Rule 4(m) state that courts may "relieve a plaintiff of the consequences of an application of [the rule] even if there is no good cause shown . . . , for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993 amendments). Courts have typically invoked four relevant considerations when determining whether to exercise this discretionary authority: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." <u>Beauvoir v. U.S. Secret Serv.</u>, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (citations omitted).

**B. Extension of Time to Effect Service**

Defendants do not dispute Judge Levy's analysis that three of the four factors typically considered by courts weigh in favor of granting a discretionary extension. Specifically, the court notes that the applicable three-year statute of limitations for a malicious prosecution would likely bar a refiled action; both defendants had actual notice of the action given the Attorney General's Office representation of them since September 2010; and the defendants would not be prejudiced

by an extension of time to serve. R&R at 8-9; see Carroll, 2005 WL 1711184, at *2. Instead, defendants argue that the court should lend greater weight to an additional factor—plaintiffs' failure to remedy upon realizing service was defective and dilatory behavior resulting in a failure to effect service for nearly a year after the court granted plaintiff's motion for an extension of time to complete service. Defs' Obj. at 4-7. While the court agrees that plaintiffs' behavior is relevant in determining whether to grant a discretionary extension, the court finds plaintiffs' failure to effect service not so egregious as to outweigh the strong factors favoring an extension.

Unlike the cases cited by defendants, plaintiffs here did at least attempt to effect service upon defendants—albeit unsuccessfully and without proper diligence—within the service period. It could not be said that plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and [ ] advanced no cognizable excuse for the delay." Zapata v. City of New York, 502 F.3d 192, 199 (2d Cir. 2007). Plaintiffs attempted to serve process by "nail and mail" on Wilson within the service period, but failed to notice the correct address. Plaintiffs incorrectly served the DMV Counsel's Office when attempting to effect service on Sandler, and sent but failed to receive a waiver of service. Plaintiffs also asked the court for an extension on the basis of the attempted murder of one of their process servers. While plaintiffs' failed attempts and request for an extension do not rise to the level of diligence to establish "good cause" under Rule 4(m), plaintiffs' behavior also does not exhibit the pattern of negligence or carelessness characterizing typical cases in which courts refuse to extend the plaintiff's time limit for service under Rule 4(m). See, e.g. Zapata, 502 F.3d at 198-199 (affirming district court's denial of a discretionary extension where no effort was made to effect service within service period, no extension was requested, plaintiff had no excuse for delay, and nothing suggested defendant "had any notice that the action was

6

forthcoming (much less already pending)"); Herztner v. U.S. Postal Serv., No. 05-cv-2371 (DRH)(ARL), 2007 WL 869585, at *8 (E.D.N.Y. March 20, 2007) (denying extension where plaintiff made "absolutely no attempts to effect service" on the defendants); Spinale v. United States, No. 03CIV1704KMWJCF, 2005 WL 659150, at *4 (S.D.N.Y. March 16, 2005) (recommending denial of extension where no explanation for failure to serve and plaintiffs never sought assistance of court or an extension of time to effect service); Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503 , 506-07 (S.D.N.Y. 1999) (denying extension where delays in service were "egregious" and sixteen years had passed since occurrence of events giving rise to action).

Because plaintiffs' claims would be barred by the statute of limitations, defendants have actual notice of the claims against them, and defendants would suffer no prejudice by an extension, the court agrees with Judge Levy that the balance of factors favors giving plaintiffs a discretionary extension of time in which to effect service. The court therefore adopts in their entirety the recommendations set forth in Judge Levy's Report and Recommendation dated September 23, 2011. Accordingly, defendants' motion to dismiss is denied, and plaintiffs are afforded thirty days to effect service upon defendants Sandler and Wilson.

## III. Conclusion

For the reasons set forth above, the court finds that defendants' objections lack merit and accepts the recommendations set forth Judge Levy's Report and Recommendation dated September 23, 2011. Accordingly, defendants' motion to dismiss is denied, and plaintiffs are afforded thirty days to effect service upon defendants Sandler and Wilson.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated:     October 18, 2011
           Brooklyn, New York